FILED
APR 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Christopher Dickerson )
Reg. No. 11833-007 )
U.S. Penitentiary )
P.O. Box 12015 )
Terre Haute, IN. 47801, )
)
Donald Day )
Reg. No. 08669-007 )
U.S. Penitentiary )
P.O. Box 12015 )
Terre Haute, IN. 47801, )
)
Eric Glascoe )
Reg. No. 90828-017 )
U.S. Penitentiary )
P.O. Box 12015 )
Terre Haute, IN. 47801, )
)
Peter Bliss )
Reg. No. 03279-000 )
U.S. Penitentiary )
P.O. Box 12015 )
Terre Haute, IN. 47801, )
)
James Wilson )
Reg. No. 30646-037 )
F.C.I. )
P.O. Box 33 )
Terre Haute, IN. 47808, )
)
Larry Walker )
Reg. No. 08609-007 )
U.S. Penitentiary )
P.O. Box 450 )
Sky View Drive )
Bruceton Mills, WV. 26525, )
)
         Plaintiffs, )
)
    - V - )
)
UNITED STATES PAROLE )
COMMISSON, )
)
         Defendant(s). )

CASE NUMBER 1:06CV00699

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 04/19/2006

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

CLASS ACTION


CASE RE-ASSIGNED
JUL 12
TO: LEON, J. RJL

RECEIVED
MAR 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PRELIMINARY STATEMENT

1.)   THIS IS A CIVIL ACTION SEEKING INJUCTIVE AND DECLARATORY RELIEF AGAINST THE NAMED DEFENDANTS, THE UNITED STATES PAROLE COMMISSION FOR THEIR FAILURE TO EMPLOY DISTRICT OF COLUMBIA PAROLE GUIDELINES AND PROCEDURES, PURSUANT TO THE NATIONAL CAPITAL REVITALIZATION AND SELF-GOVERNMENT IMPROVEMENT ACT OF 1997, D.C. STAT., SECTION 24-131(a)(1).

2.)   PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED, CONTENDS THAT DEFENDANT'S ACTIONS HAVE THE PURPOSE AND EFFECT OF ESTABLISHING AND PERPETUATING A PATTERN AND PRACTICE OF DISCRIMINATION IN THE PROCESS OF PAROLE ELIGIBILITY DETERMINATIONS THAT VIOLATES THE PLAINTIFF CLASS' CONSTITUTIONAL AND CIVIL RIGHTS.

3.)   THEREFORE, PLAINTIFFS NOW SEEK INJUCTIVE RELIEF, ENJOINING DEFENDANTS FROM USING FEDERALLY CONSTRUED PAROLE GUIDELINES AGAINST PLAINTIFFS WHO VIOLATED LAWS OF THE DISTRICT OF COLUMBIA CODES, NOT FEDERAL CODES. IN PARTICULAR, ENJOINING ANY ACTION OF DEFENDANTS THAT WOULD RESULT IN MAKING A PAROLE ELIGIBILITY DETERMINATION PREDICATED UPON FEDERAL GUIDELINES.

4.)   PLAINTIFFS ALSO SEEK DECLARATORY RELIEF FINDING THAT DEFENDANT'S ACTION CONSTITUTE A DEPRIVATION OF RIGHTS, PRIVILEGES, AND IMMUNITIES SECURED BY THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUION; SPECIFICALLY THE DUE PROCESS, EQUAL PROTECTION AND CRUEL AND UNUSUAL PUNISHMENT CLAUSES ARE AT ISSUE IN THIS CLASS COMPLAINT.

## CIVIL RIGHTS COMPLAINT

### A.  PARTIES

1.)   WE, CHRISTOPHER DICKERSON, #11833-007, DONALD DAY, #08669-007, ERIC GLASCOE, #90828-017, PETER BLISS, #03279-000, JAMES WILSON, #30646-037, AND LARRY WALKER, #08609-007 ARE CITIZENS OF THE DISTRICT OF COLUMBIA AND PRESENTLY RESIDE AT THE UNITED STATES PENITENTIARY, P.O. BOX 12015, TERRE HAUTE, INDIANA, 47801. (n.1).

(n.1): Please note the difference of address of
Larry Walker and James Wilson.

2.)   DEFENDANT, UNITED STATES PAROLE COMMISSION, IS AN AGENCY OF THE UNITED STATES GOVERNMENT, WHOSE ADDRESS IS: U.S. DEPARTMENT OF JUSTICE, U.S. PAROLE COMMISSION, 5550 FRIENDSHIP BOULEVARD, CHEVY CHASE, MARYLAND, 20815-7201. THE UNITED

STATES PAROLE COMMISSION IS RESPONSIBLE FOR PLAINTIFF'S CONTINUED INCARCERATION.

### B. JURISDICTION

1.) THIS CAUSE OF ACTION IS BROUGHT PURSUANT TO:

Bivens v. Six Unkown Named Agents of Federal Bureau
of Narcotics, 403 U.S. 388 (1971);

2.) JURISDICTION ALSO IS INVOKED PURSUANT TO
28 U.S.C., SECTION 1343(a)(3).

### C. NATURE OF THE CASE

1.) AS DISTRICT OF COLUMBIA PRISONERS CONFINED PRIOR TO THE ENACTMENT OF SEVERAL DIFFERENT VERSIONS OF PAROLE LAWS, BY THE DISTRICT OF COLUMBIA AND THE U.S. PAROLE COMMISSION, INCLUDING THE PAROLE LAWS PUT INTO EFFECT NOVEMBER 1, 1987, CLAIM THAT CONSTITUTIONAL RIGHT OF EACH DISTRICT OF COLUMBIA PRISONER SUBJECTED TO THE DECISION-MAKING PROCESS OF THE UNITED STATES PAROLE COMMISSION IS VIOLATED BY THE USE OF FEDERAL PAROLE CRITERON THAT ADVERSELY AFFECTS EACH PRISONER FROM THE DISTRICT OF COLUMBIA. NO OTHER PRISONERS FROM ANY OTHER STATE, SERVING A STATE SENTENCE IN THE BUREAU OF PRISONS, ARE AFFECTED AS HAVE BEEN AND CONTINUE TO BE, PRISONERS FROM THE DISTRICT OF COLUMBIA. PLAINTIFFS ASSERTS THAT THE UNCONSTITUTIONAL POLICE OF THE U.S. PAROLE COMMISSION IN DECIDING THE PAROLE ELIGIBILITY OF DISTRICT OF COLUMBIA PRISONERS, WHO COMMITTED STATE (D.C.) CRIMES, OFFENDS THE FIFTH AMENDMENT OF THE CONSTITUTION, BECAUSE IT TAKES AWAY THE PROCESS THAT IS DUE BY THE PAROLE LAWS OF THE DISTRICT OF COLUMBIA MUNICIPAL REGULATIONS WHEN PLAINTIFFS WERE FIRST INCARCERATED.

2.) NO EXHAUSTION REQUIREMENT SHOULD BE HELD IN THIS MATTER BECAUSE THE UNITED STATES PAROLE COMMISSION HAS ARTICULATED A VERY CLEAR POSITION ON THE ISSUE WHICH CONTINUALLY ALLOWS THEM TO USE THEIR PAROLE CRITERON TO DENY OR GRANT PAROLE TO DISTRICT OF COLUMBIA PRISONERS; (SEE, ADMINISTRATIVE LAW TREATISE SECTION 20.07).

### D. CAUSE OF ACTION

WE, THE PLAINTIFFS, ALLEGE THAT THE FOLLOWING CONSTITUTIONAL RIGHTS, PRIVILEGES, OR IMMUNITIES HAVE BEEN VIOALTED AND THAT THE FOLLOWING FACTS FORM THE BASIS OF THE ALLEGATIONS:

1.) PLAINTIFF CHRISTOPHER DICKERSON, REG. NO. 11833-007, IS A PRISONER OF THE

DISTRICT OF COLUMBIA, HAVING BEEN FOUND GUILTY BY JURY OF ARMED ROBBERY AND FELONY MURDER. PLAINTIFF WAS SENTENCED TO 20 YEARS TO LIFE IN THE COURT ROOM OF TRUMAN A. MORRISON, III. PLAINTIFF ASSERTS THAT HE IS ENTITLED TO DECLARATORY AND INJUCTIVE RELIEF FROM THE UNCONSTITUTIONAL PAROLE PRACTICES OF THE UNITED STATES PAROLE COMMISSION (USPC). PLAINTIFF DOES NOT SEEK IMMEDIATE RELEASE OR TO SHORTEN HIS PRISON SENTENCE, BUT TO HAVE THE USPC APPLY THE PAROLE ELIGIBILITY REQUISITES IN EXISTENCE WHEN HIS CRIME COMMITTED.

2.)    PLAINTIFF BECAME ELIGIBLE FOR PAROLE MARCH 13, 2001. (SEE ATTACHED NOTICE OF ACTION). THE USPC DETERMINED THAT PLAINTIFF'S GUIDELINE OF 110-140 MONTHS, ESTABLISHED BY THE PAROLE LAWS OF THE DISTRICT OF COLUMBIA, MUST BE CHANGED TO A MAXIMUM OF 339 MONTHS, BASED NOT OF PLAINTIFF'S BEHAVIOR IN PRISON BUT ON A FEDERALLY CREATED GUIDELINE RANGE THAT WAS NOT IN EXISTENCE WHEN HE WAS TRIED AND CONVICTED.

3.)    THE USE OF THE SAID GUIDELINE RANGE NOT ONLY VIOLATES THE EX POST FACTO CLAUSE OF THE CONSTITUION, IT FAILS TO CONSIDER FACTORS RELATED TO PLAINTIFF'S PERSONAL AND SOCIAL HISTORY, AS WELL AS HIS COMMUNITY RESOURCES. PRIOR TO 1987, OR ON OCTOBER 16, 1987, THE PAROLE LAWS IN EFFECT IN THE DISTRICT OF COLUMBIA INSTRUCTED THAT PAROLE WAS APPROPRIATE FOR PERSONS CONVICTED OF CRIMES IN THE DISTRICT OF COLUMBIA "WHENEVER IT SHALL APPEAR TO THE BOARD OF PAROLE THAT THERE IS A REASONABLE PROBABILITY THAT A PRISONER WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOALTING THE LAW, THAT HIS RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY, AND THAT HE HAS SERVED THE MINIMUM SENTENCE IMPOSED." 9 D.C.R.R., SECTION 105(1981). THE FOCUS OF THE BOARD'S INQUIRY INCLUDED SUCH VARIED FACTORS AS THE INMATE'S PERSONAL AND SOCIAL HISTORY AND THE AVAILABILITY OF COMMUNITY RESOURCES UPON RELEASE. id. THE DISTRICT OF COLUMBIA SUBSEQUENTLY ENACTED THE DISTRICT OF COLUMBIA BOARD OF PAROLE AMENDMENT ACT OF 1987 THAT REPLACED THE 1981 DISTRICT OF COLUMBIA GUIDELINES WITH A MATHEMATICAL EQUATION FOR CALCULATING PAROLE ELIGIBILITY. D.C. MUN. REG. 28, SECTION 204.2 [1987]. ON AUGUST 5, 1998, THE DISTRICT OF COLUMBIA BOARD OF PAROLE WAS DISBANDED BY THE NATIONAL CAPITAL REVITALIZATION AND SELF-GOVERNMENT IMPROVEMENT ACT OF 1997 (THE ACT), D.C. STAT. SECTION24-131(b). THE RESPONSIBILITY OF MAKING PAROLE DETERMINATIONS FOR DISTRICT OF COLUMBIA PRISONERS WAS TRANSFERRED TO THE UNITED STATES PAROLE COMMISSION. D.C. STAT., SECTION 24-131(a)(1). THE NEWLY APPLIED FEDERAL PAROLE GUIDELINE RANGES DO NOT SHARE THE REHABILITATIVE PURPOSE. INSTEAD, IT FOCUS ON PLAINTIFF'S CRIMINAL HISTORY AND PAST BEHAVIOR AND, DUE TO A MECHANICAL CALCULATION, WILL CHANGE A PAROLE ELIGIBLE D.C. PRISONER'S SCORE BASED PRIMARILY ON THESE RANGES. THEREFORE, LITTLE ROOM IS LEFT TO CONSIDER ANY REHABILITATIVE EFFECT ON PAROLE.

4.)    THE IMPACT OF THE NEWLY CREATED GUIDELINE RANGE REMOVES CONSIDERATION OF ALL THE FACTORS WHICH WOULD HAVE POSITIVELY AFFECTED PLAINTIFF'S PAROLE ELIGIBILITY. THE RANGES AND CALCULATIONS ESPOUSED BY THE USPC CONCENTRATES ALMOST WHOLLY ON THE CIRCUMSTANCES OF THE CRIME AND PAST CONDUCT, FACTORS THAT ARE NOW BEYOND PLAINTIFF'S CONTROL. IN ADDITION TO THE FACT THAT THIS IMPROPER ANALYSIS BY THE USPC HAS LED TO THE REJECTION OF HIS PAROLE ELIGIBILITY, IT IS ALMOST CERTAIN THAT PLAINTIFF WILL BE DENIED PAROLE ELIGIBILTY EACH TIME THAT HE BECOMES ELIGIBLE BY THE STANDARDS OF THE USPC IN THE FUTURE, IF THESE PRACTICES OF THE USPC ARE NOT CURTAILED.

5.)     A CLEAR EXAMPLE OF THE FEDERALLY CREATED PAROLE GUIDELINE RANGES AS IT REFLECTS ON DISTRICT OF COLUMBIA PRISONERS, SHOWS ITS DISPARITY WHEN D.C. PRISONERS BECOME ELIGIBLE FOR PAROLE, WHICH MAY BE DEMONSTRATED BY THIS CLASS OF PLAINTIFFS, THOUGH THE ACTS OF THE USPC ARE NOT LIMITED TO THOSE HEREIN NAMED.

6.)     PLAINTIFF DONALD DAY, REG. NO. 08669-007, WAS INCARCERATED ON AUGUST 14, 1982 FOR VIOLATING LAWS OF THE DISTRICT OF COLUMBIA. AFTER A JURY TRIAL PLAINTIFF WAS FOUND GUILTY OF FIRST DEGREE MURDER AND CARRYING A PISTOL WITHOUT A LICENSE, D.C. CODE SECTIONS 22-2401, 3202 AND 3204. PLAINTIFF WAS SENTENCED TO 20 YEARS TO LIFE, IN THE COURTROOM OF JUDGE H. CARL MOULTRIE, I. PLAINTIFF WAS ELIGIBLE FOR PAROLE AUGUST 13, 2002. (SEE ATTACHED FACE SHEET, PREPARED AUGUST 3, 1983 AND INMANTE PROFILE, PREPARED MAY 18, 2004.) ON AUGUST 6, 2002 PLAINTIFF APPEARED BEFORE THE USPC. (SEE ATTACHED NOTICE OF ACTION). HIS PAROLE ELIGIBILTY WAS DENIED BECAUSE OF THE NEWLY CREATED GUIDELINE RANGE ESTABLISHED BY THE USPC. AFTER COMPLETING THE STATUTORY MINIMUM OF 20 YEARS AND BARRING ANY OTHER REASON FOR PAROLE DENIAL, POSITIVE CONSIDERATION SHOULD HAVE BEEN GIVEN IN TERMS OF HIS PAROLE ELIGIBILITY BASED ON THE PAROLE CRITERIA OF THE DISTRICT OF COLUMBIA AND BECAUSE THE NEWLY ACQUIRED FEDERAL GUIDELINES SHOULD NOT BE MADE APPLICABLE TO PLAINTIFF, OUT OF RESPECT FOR THE EX POST FACTO CLAUSE OF THE CONSTITUTION. HOWEVER, PLAINTIFF'S MINIMUM, OR 240-MONTHS, WAS CHANGED BY THE USPC TO 294-362 MONTHS FOR NO APPARENT REASON THAN TO DISCRIMINATE AGAINST PLAINTIFF BECAUSE HE IS EITHER A D.C. PRISONER OR THE USPC HAS UTTERLY IGNORED THE EX POST FACTO PROHIBITION. IN EITHER CASE PLAINTIFF SUFFERS AS A RESULT. HE BELIEVES HE IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF FROM THE ACTIONS OF THE USPC. PLAINTIFF FURTHER BELIEVES THAT HIS IS ENTITLED TO HAVE HIS PAROLE ELIGIBILITY DETERMINED BY THE PAROLE LAWS IN EFFECT WHEN HE WAS TRIED AND CONVICTED; PAROLE LAWS WHICH ARE GOVERNED BY THE STATE WHEREIN HIS CRIME WAS COMMITTED.

III.

7.)     PLAINTIFF ERIC GLASCOE, REG. NO. 90828-017, IS A DISTRICT OF COLUMBIA PRISONER WHO BECAME ELIGIBLE FOR PAROLE ON AN AGGREGATE SENTENCE ON SEPTMEBER 23, 1999. PLAINTIFF'S CHARGES INVOLVE, INTER ALIA, TWO COUNTS OF ATTEMPT TO KILL AND A WEAPONS CHARGE, A VIOLATION OF D.C. CODE SECTIONS 501, 3202. PLAINTIFF WAS SENTENCED IN THE COURTROOM OF JUDGE TIM MURPHY TO 3 TO 9 YEARS; 3 TO 10 YEARS AND 15 TO LIFE. EACH CONVICTION RUNS CONSECUTIVE FROM THE OTHER, TOTALING 21 YEARS TO LIFE. PLAINTIFF COMMITTED HIS CRIME IN THE YEAR OF 1984, PRIOR TO THE NEWLY FEDERAL CONSTRUED PAROLE GUIDELINE RANGES.

8.)     ALTHOUGH PLAINTIFF WAS ELIGIBLE FOR PAROLE IN SEPTEMBER 1999, HE APPEARED BEFORE A HEARING EXAMINER REPRESENTING THE USPC ON JULY 28, 1999 FOR HIS INITIAL HEARING. AT THIS HEARING THE EXAMINER CONSIDERED THE ACTUAL CRIMINAL BEHAVIOR AND INSTITUTIONAL ADJUSTMENT OF PLAINTIFF. THE USPC THEN APPLIED ITS GUIDELINE RANGES, USING ITS BASE POINT SCORE AND SALIENT FACTOR SCORE METHODS TO DETERMINE THAT HIS SCORE IS A 6, AND ACCORDINGLY PAROLE WAS DENIED. MAINTAINING THE USE OF THESE

FEDERAL GUIDELINES, THE USPC FOUND THAT PLAINTIFF'S BASE SCORE TO BE 5 WHICH INDICATES A PAROLE RECONSIDERATION, AFTER THE SERVICE OF AN ADDITIONAL 18 TO 24 MONTHS. HOWEVER, RATHER THAN IMPOSING THE 18 TO 24 MONTHS BEFORE THE NEXT REHEARING, THE USPC ORDERED 60 MONTHS BEFORE THE NEXT REHEARING. AT NO POINT DURING THE PAROLE PROCESS WAS THE PAROLE LAWS IN PLACE BY THE D.C. MUNICIPAL REGULATIONS, TO WHICH THE USPC AVOWED TO FOLLOW PURSUANT TO D.C. CODE SECTION 24-1231(c), EVER BROUGHT FORTH. THE DISTRICT OF COLUMBIA PAROLE LAWS HAVE BEEN THWARTED AND REPLACED WITH AN HYBRID-FEDERAL PAROLE LAW THAT DISCRIMINATES AGAINST PRISONERS FROM THE DISTRICT OF COLUMBIA. AT LEAST 97% OF THE INMATE POPULATION FROM THE DISTRICT OF COLUMBIA SERVING TIME SINCE PRIOR TO NOVEMBER 1, 1987 AND NOW SUBJECT TO FEDERAL PAROLE LAWS, ARE OF AFRICAN AMERICAN HERITAGE. THERE IS NO ACCIDENT IN THIS DESIGN. THE USPC TAKES THE POSITION THAT PAROLE LAWS ARE NOT LAWS FOR EX POST FACTO PURPOSES. THUS, GIVING THEM A FREE-HAND TO CREATE ANY CRITERIA, GUIDELINE RANGE OR SIMPLY MAKE THE PROVERBIAL STATEMENT, "... A DECISION ABOVE THE CURRENT TOTAL GUIDELINE RANGE IS WARRANT BECAUSE ..." THE SAME AS IT IS UNLAWFUL TO SENTENCE A STATE OFFENDER UNDER FEDERAL RULES AND REGULATIONS, THE SAME HOLDS TRUE UNDER STATE PAROLE STATUTES COMPARED TO THAT OF A FEDERAL PAROLE STATUTE. PLAINTIFF ASSERTS THAT THE ACTIONS OF THE FEDERAL PAROLE COMMISSION USING FEDERAL RULES, REGULATIONS AND GUIDELINE RANGES AGAINST HIM, VIOLATES HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS. DESPITE THE TRANSFER OF POWER FROM THE D.C. BOARD OF PAROLE TO THE U.S. PAROLE COMMISSION, D.C. PAROLE LAWS REMAIN BINDING. IN OTHER WORDS, ALTHOUGH THE REVITALIZATION ACT GIVES THE USPC RULE-MAKING POWERS FOR PAROLE MATTERS, IT MANDATES THAT THOSE POWERS BE EXERCIZED WITHIN THE PRECEPTS OF D.C. PAROLE LAWS AND REGULATIONS. SECTION 24-1231(c), id. THE USPC HAS NOT DONE THIS BECAUSE ITS PRACTICES ARE DISCRIMINATORY AGAINST PRISONERS FROM THE DISTRICT OF COLUMBIA.

IV.

9.) PLAINTIFF PETER C. BLISS, REG. NO. 03279-000, WAS TRIED AND CONVICTED IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA IN 1978 IN THE COURTROOM OF JUDGE SYLVIA BACON, FOR VIOLATING D.C. CODES SECTIONS 22-2901, 22-2401, 3202. PLAINTIFF WAS SENTENCED 10 TO 30 YEARS AND 20 YEARS TO LIFE, EACH SENTENCE RUNS CONSECUTIVE TO THE OTHER, TOTALING 30 YEARS TO LIFE. PLAINTIFF BECAME ELIGIBLE FOR PAROLE AUGUST 18, 2004, BUT APPEARED BEFORE THE USPC OCTOBER 5, 2004. PLAINTIFF WAS GIVEN A PRESUMPTIVE PAROLE DATE OF AUGUST 30, 2006 AFTER THE SERVICE OF 338 MONTHS. THIS DATE WILL HOLD TRUE IF THE IMMIGRATION AUTHORITIES COME FOR PLAINTIFF. IF THEY DO NOT, THEN THIS DATE CHANGES TO SEPTEMBER 30, 2006 CONTINGENT UPON AN APPROVED PAROLE PLAN. (SEE ATTACHED NOTICE OF ACTION).

10. THE FACT THAT PLAINTIFF WAS ELIGIBLE FOR PAROLE CONSIDERATION IN AUGUST 2004 IS THE RESULT OF INSTITUTIONAL GOODTIME CREDIT (IGT) AS WELL AS STATUTORY CREDIT TOWARD THE 10 YEAR MINIMUM SENTENCE. (SEE FACE SHEET ATTACHED). WHEN THE USPC DETERMINED THAT 338 MONTHS MUST BE COMPLETED BEFORE PAROLE IS ELIGIBLE, TAKES AWAY THE GOODTIME CREDIT PLAINTIFF EARNED WHICH AMOUNTS TO HIM SERVING 85% OF HIS SENTNCE. THE USE OF THE NEWLY CREATED GUIDELINE RANGE IS THE ONLY MEANS BY WHICH PLAINTIFF'S GOODTIME CREDIT WAS RENDERED MEANINGLESS; A PROCESS THAT WAS NOT IN EFFECT WHEN HE WAS TRIED AND CONVICTED. THE PRACTICE OF THE USPC IS OBVIOUSLY DISCRIMINATORY. PLAINTIFF WOULD HAVE BEEN PAROLED IN AUGUST OR SEPTEMBER OF 2004

UNDER THE PAROLE LAWS HE WAS SENTENED UNDER, A PAROLE CRITERON THAT HAS NO GUIDELINE RANGE CALLING FOR ADDITIONAL TIME WHEN A PRISONER HAS PUT FORTH GREAT EFFORT TO ACHIEVE AN EARLY CONSIDERATION FOR PAROLE. THE SCHEME USED BY THE USPC DOES NOT REFLECT THE SPIRIT OF THE PAROLE LAWS THE USPC WAS ENTRUSTED TO ADMINISTER. EVEN A FAVORABLE DECISON SUCH AS PLAINTIFF'S PRESUMPTIVE PAROLE DATE VIOLATES THE PAROLE LAWS IN EFFECT WHEN PLAINTIFF'S CRIMES WERE COMMITTED. THE FEDERALLY EMPLOYED GUIDELINE RANGES GLOSS OVER THE STRENGTHS OF PLAINTIFF'S ACHIEVEMENTS, WHILE FOCUSING ON THOSE ASPECTS OF HIS THAT WOULD CONFORM TO THE STANDARD OF FEDERAL PRISONERS. THESE ACTS BY THE USPC ARE OF THE KIND THE LAW RECOGNIZES AS AN ACTIONABLE WRONG THAT PLAINTIFF AVERS HE IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF.

11.) PLAINTIFF MAINTAINS THAT A DECLARATORY DECREE HAS BEEN VIOLATED BY THE USPC AND THEREFORE SUCH RELEIF SHOULD BE MADE AVAILABLE. RELIEF FOR PLAINTIFF AT THIS STAGE COULD ONLY BE IN HAVING THE USPC ACKNOWLEDGE HIS EARNED GOODTIME BY ADJUSTING HIS PRESUMPTIVE PAROLE DATE NOW, OR SOME SUCH OTHER METHOD THEY WOULD FIND JUST AND FAIR. FOR THE SAKE OF BREVITY PLAINTIFF HAS NOT INCLUDED THE RELEVANT PROGRAM ACHIEVEMENTS, DOCUMENTS THAT WILL DEMONSTRATE ATA DISCOVERY PHASE THE MANY MONTHS OF GOODTIME EARNED BY PLAINTIFF MEANT THAT HIS INCARCERATION ANTICIPATION WOULD HAVE BEEN 312 MONTHS, AT THE MOST. PLAINTIFF HAS EXPRESSED HIS GRATITUDE FOR THE PRESUMPTIVE DATE, HOWEVER, THE PRACTICE OF IGNORING EARNED GOODTIME HAS PROVEN DISCRIMINATORY AND HAS SERVED TO PREJUDICE PLAINTIFF WITH AN UNFAIR PAROLE ELIGIBILITY DETERMINATION.

12.) PLAINTIFF JAMES WILSON, REG. NO. 30646-037, IS A DISTRICT OF COLUMBIA PRISONER SERVING AN 8 TO 30 YEAR SENTENCE (5 OF THE YEARS ARE MANDATORY) FOR VIOLATING D.C. CODE SECTIONS 22-2901 AND 22-3204(b); ROBBERY WITH A WAPON. PLAINTIFF WAS SENTENCED IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA BEFORE JUDGE A. FRANKLIN BURGESS, JR. PLAINTIFF'S CRIME OCURRED JANUARY 10, 1995, THE SENTENCE WAS IMPOSED JUNE 16, 1995. PLAINTIFF BECAME ELIGIBLE FOR PAROLE OF THIS SENTENCE JANUARY 10, 2003.

13.) AT PLAINTIFF'S INITIAL APPEARANCE BEFORE THE USPC, A DECISION OF HIS PAROLE ELIGIBILITY WAS DEFERRED FOR UP TO 90 DAYS. (SEE ATTACHMENT). THE USPC SOUGHT TO OBTAIN ADDITIONAL INFORMATION WITH WHICH TO MAKE A DETERMINATION OF HIS PAROLE ELIGIBILITY. HOWEVER, THE 90-DAY DEFERRAL AMOUNTED TO AN 19-MONTH CONTINUATION BECAUSE THE USPC RETURNED IN JUNE 2004 WITH ITS ADDITIONAL INFORMATION. AFTER SEVERAL MONTHS OF ACCESSING THIS NEW INFORMTION A DECISION WAS FINALLY GIVEN THAT PLAINTIFF'S PAROLE ELIGIBILITY SHOULD BE DENIED FOR THREE YEARS BEFORE THE NEXT RECONSIDERATION. THIS DECISION WAS GIVEN TO PLAINTIFF ON JANUARY 4, 2005.

14.) THE USPC DENIED PLAINTIFF'S PAROLE ELIGIBILITY BASED ON INFORMATION HAVING ABSOLUTELY NOTHING TO DO WITH THE TERMS OF HIS PAROLE ELIGIBILITY FOR THE CRIMES HE COMMITTED AGAINST THE DISTRICT OF COLUMBIA SENTENCE; A SENTENCE THAT CANNOT BE REGULATED BY THE PROCEDURES USED BY THE USPC, WHOSE AUTHORITY TO REGULATE PALINTIFF'S PAROLE ELIGIBILITY BEGAN IN AUGUST 2000. IN OTHER WORDS, PLAINTIFF'S ELIGIBILITY FOR PAROLE IS DETERMINED BY DISTRICT OF COLUMBIA PAROLE PROCEDURES IN PALICE BEFORE POWER WAS GIVEN TO THE U.S. PAROLE COMMISSION TO MAKE SUCH

DETERMINATIONS. (n.2).

---

(n.2):   Plaintiff also has a federal sentence he acquired June 25, 1996. The charges include conspiracy to commit armed robbery of a postal employee; aiding and abetting; use of a handgun, inter alia. This offense was committed in the State of Maryland. The trial was had in the U.S. Dictrict Court, before Judge Williams, who imposed a 360 month sentence to run concurrent with plaintiff's District of Columbia sentence; the sentence was to begin from the day plaintiff was actually sentenced. This meant that the first year he was confined on the District's sentence did not count toward the service of the federal sentence. The federal sentence is non-paroleable. (See attached Notice of Action).

15.)   PLAINTIFF CONTEND THAT THE USE OF FEDERALLY CREATED PAROLE GUIDELINES RANGES, ALTHOUGH THEY MAY RESEMBLE THE DISTRICT OF COLUMBIA'S PAROLE GUIDELINES, THEY ARE A FAR CRY FROM THE PAROLE LAWS PLAINTIFF WAS CONVICTED AND SENTENCED UNDER, AND SUBSTANTIALLY INCREASE THE PUNISHMENT HE IS LIKELY TO SUFFER FOR HIS CRIME. THE QUESTION IS NOT WHETHER TO APPLY FEDERAL OR DISTRICT OF COLUMBIA PAROLE GUIDELINES TO D.C. PRISONERS SERVING D.C. SENTENCES. THAT ASPECT OF PLAINTIFF'S PAROLE ELIGIBILITY MUST BE A GIVEN. CONGRESS HAS EVEN STATUTORILY MANDATED THAT FEDERAL PAROLE AUTHORITIES TO APPLY D.C. PAROLE LAWS TO D.C. CODE OFFENDERS. THE QUESTION IS WHICH D.C. PAROLE GUIDELINES SHOULD BE APPLIED. PLAINTIFF AVERS THAT THE PAROLE GUIDELINES THAT GOVERNS HIS SENTENCE WERE LAST INCORPORATED IN THE 1985 AMENDMENT TO THE DISTRICT OF COLUMBIA REGISTER UNDER TITLE 9 OF THE D.C.R.R. THE USE OF ANY OTHER PAROLE GUIDELINE, PARTICULARLY ONE THAT IS CONSTRUCTED IN SUCH A WAY AS TO INCREASE A PRISONERS CONFINEMENT, VIOLATES THE EX POST FACTO CLAUSE OF THE CONSTITUTION. PLAINTIFF BELIEVES HE IS ENTITLED DECLARATORY AND INJUNCTIVE RELIEF FROM THE ACTIONS OF UNITED STATES PAROLE COMMISSION.

V.

16.)   PLAINTIFF LARRY WALKER, REG. NO. 08609-007, IS A DISTRICT OF COLUMBIA PRISONER SERVING AN AGGREGATE LIFE SENTENCE FOR HIS CONVICTIONS IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, FOR SECOND DEGREE MURDER WHILE ARMED AND MANSLAUGHTER, VIOLATING D.C. CODES SECTION 22-2403 AND 22-2405, RESPECTIVELY. PLAINTIFF WAS INCARCERATED JANUARY 25, 1983 ON HIS CURRENT OFFENSE, AND THUS SUBJECT TO THE PAROLE LAWS IN EFFECT WHEN HIS CRIME WAS COMMITTED.

17.)   PLAINTIFF BECAME ELIGIBLE FOR PAROLE JULY 13, 1996, MAKING HIS FIRST APPEARANCE BEFORE THE DISTRICT OF COLUMBIA BOARD OF PAROLE. PAROLE ELIGIBILITY WAS DENIED AT THIS INITIAL HEARING AND ORDERED THAT HE BE RECONSIDERED FOR PAROLE BY JULY 12, 1999. (SEE ATTACHED NOTICE OF BOARD ORDER).

18.)   ON OCTOBER 10, 1999, HAVING PREVIOUSLY APPEARED BEFORE THE U.S. PAROLE COMMISSION PURSUANT TO THE USPC ASSUMING RESPONSIBILITY OF MAKING PAROLE-RELEASE

DETERMINATIONS FOR ALL ELIGIBLE DISTRICT OF COLUMBIA CODE OFFENDERS, THE DENIAL AT THIS TIME ORDERED A RECONSIDERATION AFTER THE SERVICE OF 5 YEARS, OR 60 MONTHS. ON JUNE 16, 2004 PLAINTIFF RECEIVED HIS REHEARING. ALTHOUGH THE USPC HEARING EXAMINER RECOMMENDED THAT PLAINTIFF BE PAROLED, EFFECTIVE DECEMBER 14, 2004, THE RECOMMENDATION WAS TAKEN BACK BECAUSE THE USPC DECIDED A DEPARTURE FROM THE D.C. PAROLE GUIDELINES FOUND PLAINTIFF A POORER RISK THAN ANITICPATED BY THE FEDERAL PAROLE GUIDELINES. A RECONSIDERATION HEARING HAS BEEN SCHEDULED FOR JUNE 2007. (SEE ATTAHED NOTICE OF ACTION).

19.) EACH PAROLE DENIAL IS BASED UPON EXACTLY THE SAME REASON; THE NATURE OF THE CRIME. A FACT THAT WILL NEVER GO AWAY. ESSENTIALLY PLAINTIFF WILL ALWAYS BE JUDGED ON THE NATURE OF HIS CRIME NO MATTER HOW MANY TIMES HE BECOMES ELIGIBLE FOR PAROLE, ACCORDING TO THE STANDARDS OF THE USPC. THE DECISION-MAKING PROCESS OF THE USPC PUNISHES PLAINTIFF, A D.C. PRISONER, TIME AND AGAIN SIMPLY BECAUSE OF THE CRIME. NO CONSIDERATION WHATSOEVER IS GIVEN TO PLAINTIFF'S ACCEPTANCE OF RESPONSIBILITY OR, THE FACT THAT HE HAS SUCCESSFULLY SERVED HIS TIME.

20.) PLAINTIFF ASSERTS THAT AS A DISTRICT OF COLUMBIA PRISONER THE PAROLE LAWS AND REGULATIONS HE WAS SENTENCED UNDER HAS THE FORCE AND EFFECT OF LAW, IN WHICH HAS BEEN PROMULGATED THAT THEY ARE LAWS AND THE D.C. BOARD MUST FOLLOW THEM UNLESS AND UNTIL THEY HAVE BEEN RECINDED OR AMENDED IN THE MANNER PRESCRIBED BY LAW. THE USPC IS BOUND BY THE DISTRICT OF COLUMBIA PAROLE LAWS, PURSUANT TO LEGISLATIVE INTENT, TO MAKE DECISIONS BASED NOT UPON NEWLY CREATED GUIDELINE RANGES THAT SERVES TO DISCRIMINATE AGAINST PRISONERS FROM THE DISTRICT OF COLUMBIA ONLY; RULES AND REGULATIONS THAT ARE NOT A PART OF 28 D.C.M.R., SECTION 100 ET SEQ., NOR IS IT A PART OF 9 D.C.R.R., SECTION 105.1.

21.) THE USPC ALSO MISCONSTRUES THE 1987 PAROLE GUIDELINES WHEN THEY APPLIED THEM TO PLAINTIFF'S CASE IN JULY 2004 AT HIS REHEARING. THE USPC THOUGHT THOSE WERE THE PROPER PAROLE GUIDELINES TO APPLY TO PLAINTIFF'S CASE. THE ONLY PAROLE LAWS THAT PERTAIN TO PLAINTIFF'S CASE ARE THE FACTORS CONSIDERED IN 9 D.C.R.R., PARTICULARLY SUBSECTION (a) THROUGH (f), PUBLISHED APRIL 24, 1981. THESE PAROLE REGULATIONS GOVERNED PLAINTIFF'S PAROLE ELIGIBILITY YEARS PRIOR TO THE 1987 GUIDELINES. DURING DISCOVERY AND OTHER PROCEDURAL MOTIONS LATER IN THIS CASE, PLAINTIFF WILL MORE FULLY DEMONSTRATE ALL DISCREPANCIES AND DIFFERENCES OF THE TWO PAROLE REGIMES, CULMINATING IN THE APPARENT DISCRIMINATION AGAINST DISTRICT OF COLUMBIA PRISONERS. PLAINTIFF MAINTAIN THAT HE IS ENTITLED TO DECLARATORY AND INJUCTIVE RELIEF FROM THE UNCONSTITUTIONAL PAROLE PRACTICES OF THE USPC.

### E.  HISTORY OF DISCRIMINATION

1.) THE UNITED STATES PAROLE COMMISSION HAS ALWAYS TREATED AND CONTINUE TO TREAT AFRICAN-AMERICAN PRISONERS HOUSED IN THE FEDERAL SYSTEM FROM THE DISTRICT OF COLUMBIA WITH A DISREGARD FOR THEIR CIVIL AND CONSTITUTIONAL RIGHTS. THE ACTIONS OF DEFENDANTS, IN REFUSING TO USE THE PROPER PAROLE GUIDELINES IN PLACE WHEN PLAINTIFFS WERE CONVICTED AND SENTENCED, WILL, IF NOT ENJOINED, RESULT IN A PERPETUATION OF A

CLEAR AND LONGSTANDING HISTORY OF DISCRIMINATION BY THE UNITED STATES PAROLE COMMMISSION.

### FIRST CLAIM

(a)     THE ACTIONS BY THE DEFENDANTS CONSTITUTE DISCRIMINATION IN PAROLE ELIGIBILITY DETERMINATIONS, WHICH VIOLATES PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW, BY NOT APPLYING PAROLE LAWS THAT WERE IN EFFECT WHEN HIS CONVICTION AND SENTENCES BECAME FINAL.

### SECOND CLAIM

(b)     THE ACTIONS AND FAILURES TO ACT BY DEFENDANT MEMBERS OF THE UNITED STATES PAROLE COMMISSION CONSTITUTE INTENTIONAL, UNLAWFUL, AND UNCONSTITUTIONAL DISCRIMINATION, IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION, IN WHICH EQUAL PROTECTION OF THE LAWS ARE SECURED TO EACH PLAINTIFF.

### THIRD CLAIM

(c)     THE CONTINUED INCARCERATION SCHEME USED BY THE UNITED STATES PAROLE COMMISSION AGAINST DISTRICT OF COLUMBIA PRISONERS IN DETERMINING THEIR PAROLE ELIGIBILITY, RESULT AS IN CRUEL AND UNUSUAL PUNISHMENT, WHICH VIOLATES THE EIGHTH AMENDMENT OF THE CONSTITUTION.

F.   NEED FOR EQUITABLE RELIEF

1.)     PLAINTIFF AND THE CLASS HAVE NO PLAIN, SPEEDY, OR ADEQUATE REMEDY AT LAW FOR REDRESS OF THE VIOLATIONS OF LAW BY DEFENDANTS.

2.)     PLAINTIFF AND THE CLASS SUFFER AND WILL CONTINUE TO SUFFER IRREPARABLE HARM AND INJURY AS A RESULT OF DEFENDANT'S ACTIONS AND FAILURES TO ACT IF THESE ACTIONS AND FAILURES TO ACT ARE NOT ENJOINED.

3.)     THE NAMED PLAINTIFFS AND OTHERS WILL BE FORCED TO REMAIN CONFINED LONGER PERIODS DUE TO THE INAPPROPRIATE USE OF FEDERAL PAROLE GUIDELINES TO THE VIOLATIONS OF PLAINTIFFS CRIMES AND CONVICTIONS.

G.   PRAYER

1.)     THE NAMED PLAINTIFFS AND THE CLASS RESPECTFULLY REQUEST THAT THIS COURT:

   a.) Determine this action to be a proper Rule 23(b)(2)

class action.

b.) Enter a declaratory judgment declaring the actions of defendants, United States Parole Commission, to be in violation of rights secured herein.

c.) Enter a declaratory jdugment declaring the actions of defendants to constitute an unlawful application of its own parole guidelines in disregard for those espoused by the District of Columbia.

d.) Enter preliminary and permanent injunctions against the defendants, and all others acting in concert and participation with them, from preventing or from failing to approve of the appropriate parole guidelines that should apply to District of Columbia prisoners sentenced by the Superior Court in the District of Columbia.

e.) Grant all other relief that is just and proper.

Respectfully submitted:

DATED: March 23, 2006

Members Of The Class

s/ *[signature]*
Christopher Dickerson,

s/ *[signature]*
Donald Day,

s/ *[signature]*
Eric Glascoe,

s/ *[signature]*
Peter Bliss,

s/ *[signature]*
James Wilson,

s/ *[signature]*
Larry Walker