**FILED**

APR 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER DICKERSON, )
DONALD DAY, )
ERIC GLASCOE, )
PETER BLISS, )
JAMES WILSON, )                     **06 0699**
LARRY WALKER, )
         Plaintiffs, )     Civil Action No. _____
          )
    - V - )
          )
UNITED STATES PAROLE )
COMMISSION, )
         Defendant(s). )

---

MOTION TO PROCEED IN FORMA PAUPERIS

---

       Plaintiffs, Chistopher Dickerson, Donald Day, Eric Glascoe, Peter Bliss, James Wilson, and Larry Walker, moves this Court pursuant to 28 U.S.C., Section 1915 for an Order permitting them to proceed without pre-payment of fees and cost or security hereof. Plaintiffs has attached a class affidavit of poverty in support of this motion.

       Respectfully submitted:

s/ _____       s/ _____
Christopher Dickerson                  Donald Day
s/ _____       s/ _____
Eric Glascoe                        Peter Bliss
s/ _____       s/ _____
James Wilson                      Larry Walker

DATED: March 23, 2006.

**RECEIVED**

MAR 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHRISTOPHER DICKERSON, )
DONALD DAY,                         )
ERIC GLASCOE,                      )
PETER BLISS,                        )
JAMES WILSON,                    )
LARRY WALKER,                 )          Civil Action No. _____ **06  0699**
              Plaintiffs,          )
                                )
       - V -                              )
                                  )
UNITED STATES PAROLE      )
COMMISSION,                        )
            Defendant(s). )

---

AFFIDAVIT IN SUPPORT OF MOTION
TO PROCEED IN FORMA PAUPERIS

---

       We, the Plaintiffs, being first duly sworn, depose and say that we are the plaintiffs in the above-entitled action and in support of the attached motion to proceed in forma pauperis, will state the following:

       1.) We are non-employed;

       2.) We have no fixed income;

       3.) We have no savings;

       4.) We have not received within the past twelve-(12) months any income from any business, profession, or other self-employments, interests, dividends, or other sources;

       5.) We do not own any real estate, stocks, bonds, notes, automoblie or other valuable property.

       We further swear that the responses relating to our ability to pay the cost of proceedings in this action are true. We understand that a false statement or answer to any question in this affidavit will subject us to penalties of perjury.

Respectfully submitted:

s/ _____          s/ _Donald Day_
Christopher Dickerson              Donald Day
s/ _____          s/ _Peter_
Eric Glascoe                               Peter Bliss
s/ _Eric Glascoe_                     s/ _____

                                  Page 1

James Wilson _James Wilson_    Larry Walker _Jerry Walker_

DATED: March 23, 2006.

      We declare under penalty of perjury that the foregoing is true and correct. Executed on this _____ day of March, 2006. Authority 28 U.S.C., Section 1746.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

---

Name: DICKERSON, Christopher

Institution:  Sussex II State Prison

Register Number: 11833-007

DCDC No:  205-674   *26 8070  2A6l*

---

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a reconsideration hearing in March 2006 after the service of 60 months from your hearing date of March 13, 2001.

**REASONS**:

You have been in confinement as a result of your behavior for a total of 144 month(s) as of March 13, 2001. You are required to serve 149 month(s) toward your parole eligibility date of August 31, 2001.  Your salient factor score (SFS-98) is 2.  Your Base Point Score is 9 and your Base Point Guideline Range is 110-140 months.

In addition, you have committed 2 non-drug related infraction(s).  Guidelines established by the Commission indicate a range of up to 2 months be added to your guideline range for each non-drug related infraction which indicates 0-2 months to be added to your base guideline range.

Also, you escaped or attempted to escape from secure custody 1 time(s).  Guidelines established by the Commission indicate a range of 8-16 months be added to your guideline range for each occurrence.

Further, you committed new criminal conduct while in a prison facility of which is rated as Category Three severity because it involved Perjury which indicates 12-16 months to be added to your base guideline range.

Furthermore, you committed new criminal conduct while in a prison facility of which is rated as Category Three severity because it involved Possession of a Weapon (homemade shank) which indicates 12-16 months to be added to your base guideline range.

Your Total Guideline Range is 291-339 month(s).  After consideration of all factors and information presented, a departure from the Total Guideline Range at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

See the attached sheet for an explanation of your individual Salient Factor Score, Base Point Score, and Total Guideline Range items.  The table at the bottom presents the Base Point Guideline Range and points for Salient Factor Score Item C.

---

May 21, 2001
DIKERSON
BOP Sussex II State Prison
cc:

-1-

Clerk:   MDD
11833-007

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

Notice of Action 

---

| | |
|---|---|
| Name:  DAY, Donald | Institution:  Lee County USP |
| Register Number:  08669-007 | |
| DCDC No:  205-236 | Date:      August 30, 2002 |

---

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue to a Three-Year Reconsideration Hearing in August 2005, after the service of 30 months from the hearing date of August 6, 2002.

**REASONS:**

Your Total Guideline Range is 294-362 month(s).  See the attached sheet for the components that make up your Total Guideline Range.  These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 240 months as of August 12, 2002.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

---

DAY  08669-007                          -1-                    Clerk:    VAH



USPC    12/16/2004 9:04    PAGE 1/2    Fax Server

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: GLASCOE, Eric | Institution :Allenwood FCI-Low |
| Register Number: 90828-017 | |
| DCDC No: 201-698 | Date        :December 16, 2004 |

As a result of the hearing conducted on June 17, 2004, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in June 2007.

NOTE: You have been found eligible for consideration under the Commission's presumptive release date policy at 28 C.F.R. 2.75 (effective January 4, 2001.)

**REASONS**:

Your Current Total Guideline Range is 193-207 month(s). See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 240 months as of June 15, 2004.

After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted based upon the fact that your case is aggravated. Your grid score is based upon one violent offense. In your case, you committed two violent offenses. Further, you are seen as a more serious risk than your guidelines suggest in that your current offense involved two separate episodes of high level violence (sexual assault and attempt to kill), with the latter episode having been committed while on pretrial release from the first episode. These crimes reveal that you are an offender with deep-seated homicidal impulses toward female victims and that you are not likely to be deterred by your present incarceration from acting on these impulses again, if paroled. Your prison record further indicates that you are a risk to the community if released. You first offense you committed an armed sexual assault upon a female victim, sodomized her after abducting her at gunpoint and then threatened to kill her. In the second offense, you attempted to kill a female victim by attempting to throw her out a third floor window and slashing her with broken glass. In prison this pattern has continued when you attempted to send a threatening letter to your girlfriend in 1996, possessed a weapon (8 and ½ inch shank) in 1995 and threatened to kill a correctional officer in 1993.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

USPC         7/14/2004   9:03    PAGE 1/   Fax Server

DELIVERED TO INMATE
ON 1-4-2005  D. Anthony D. George   2k

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

**DC Combined Initial Dispositional Revocation**

---

Name: WILSON, James
Register Number: 30646-037
DCDC No: 176-360

Institution: Terre Haute USP

Date:      July 14, 2004

---

In the case of the above-named, the following parole action was ordered:

Revoke parole. None of the time spent on parole shall be credited.

Deny parole. Continue to a Three-Year Reconsideration Hearing in June 2007 on the new sentence and the violator term after the service of 36 months from your hearing.

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation: Possession of a Firearm During a Crime of Violence.

Basis: Your conviction in the District Court for the District of Columbia on 06-16-1995 resulting in the imposition of the 8-30 year D.C. Code Adult Omnibus sentence.

Charge No. 2 - Law Violation: Conspiracy to Commit Armed Robbery of a Postal Employee, Aiding and Abetting and Use of a Handgun During a Crime of Violence.

Basis: Your conviction in the U.S. District Court for the Eastern District of Maryland on 06-25-1996 resulting in the imposition of a 360 month non-parolable sentence.

**REASONS:**

Your Current Total Guideline Range is 132-144 month(s). See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 114 months as of June 10, 2004.

After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that you committed two separate armed robberies while on parole from a sentence for armed robbery. Moreover, the Commission has determined that you had knowledge that your brothers would murder a government witness, and in fact, did murder that witness to prevent that witness from testifying at your trial for postal robbery.

---

WILSON 30646-037                    -1-                    Clerk:   MDD

01/21/03 21:22:40    U.S PAROLE->    8122303316  Rig   AX    Page 001

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

---

Name:  WILSON, James                        Institution:  Terre Haute FPC *
Register Number:  30646-037
DCDC No:  176-360                            Date:        January 21, 2003

---

In the case of the above-named, the following parole action was ordered:

Defer decision for up to 90 days in order for the U.S. Parole Commission to obtain additional information.

**REASONS**:

To obtain a copy of the Judgment and Commitment Order and Presentence Report for your concurrent sentence imposed in U.S. District Court, District of Maryland on June 25, 1996 (Docket #2:95CR00493-002).

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:

      Sharon Barnes-Durbin, SCSA
      CSS Data Management Group
      D.C. Court Services & Offender Supervision Agency
      300 Indiana Avenue, N.W., Suite 2149
      Washington, D.C.  20001

---

WILSON 30646-037                      -1-                    Clerk:   VAH

. USPC                       10/27/2004 9:04    PAGE 1/4   Fax Server

[ EXHIBIT # ( 25 ) ]

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: BLISS, Peter | Institution: Terre Haute USP |
| Register Number: 03279-000 | |
| DCDC No: 191-399 | Date    :October 27, 2004 |

As a result of the hearing conducted on October 5, 2004, the following action was ordered:

Continue to a presumptive parole on August 30, 2006 after service of 338 months to the actual physical custody of the detaining Immigration authorities. If the detainer is not exercised parole September 30, 2006 to an approved plan. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

You shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in and complete anger management counseling as directed by your Supervision Officer.

**REASONS**:

Your Total Guideline Range is 330-348 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 316 months as of October 30, 2004

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: WALKER, Larry | Institution: Terre Haute USP |
| Register Number: 08609-007 | |
| DCDC No: 191-463 | Date:    July 16, 2004 |

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in June 2007.

**REASONS:**

Your Grid Score at your last hearing was 3 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by the grid score. On December 25, 1982, you shot the victim with a firearm, which resulted in the death of the victim. On January 9, 1983, you were involved in a second murder. You were the passenger in a vehicle that stopped by the victim. You got out of the vehicle, approached the victim and produced a firearm. You told the victim to get into the car. You were seen by a witness running from where the victim lay bleeding after the victim was shot. In addition, you admitted shooting the victim and told the presentence investigator that the victim had shown you a police badge prior to the shooting.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

U.S. Department of Justice                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: WALKER, Larry

Register Number: 00191+463                Institution: Sussex

---

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in August, 2004.


**REASONS**:

Your previous score under the District of Columbia parole guidelines was 4.  With adjustments reflecting your institutional record since your last hearing, your current score is 3.  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After review of all factors and information presented, a departure from the guidelines (and the normal rehearing schedule of 12 months) at this consideration is warranted for the following reasons:  You are a more serious risk than indicated by your point score in that you committed a murder and in less than 5 weeks, you murdered a second person.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


Date: November 10, 1999                              Clerk: adc

## VII.  Evaluation:

Subject has programmed in a positive fashion and this examiner would subtract 1 point from the previous grid score of 4.  Subject has not incurred any misconducts and therefore, subject's grid score would now be a 3.  A grid score of 3 generally calls for parole however, based on the fact that subject was involved in 2 murders within 5 weeks and has an assault with a weapon, a gun, conviction in his history, this examiner recommends that he be continued for a rehearing.  The examiner notes that under D.C. procedures the normal range for a rehearing in this case would be in 1 year but based on the risk this inmate poses to the community, the examiner recommends a rehearing in 60 months, August, 2004.

## VIII.  Recommendation:

Deny parole; continue for a rehearing in August 2004.

## IX.    Reasons:

LRW
September 4, 199

WALKER.001                                                      Page 2 of 2