UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 23 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHRISTOPHER DICKERSON *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0699 (RJL) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the plaintiffs' motion to substitute a party as the purported lead plaintiff so "that all correspondence henceforth [] will come [to] Eric Glascoe." The plaintiffs also move for clarification of their *in forma pauperis* status. The plaintiffs are *pro se* prisoners proceeding as co-plaintiffs on equal footing. Contrary to their assertion, this case has not been certified as a class action. Moreover, neither plaintiff may serve as a representative for the other. Thus, each party-plaintiff receives, or should be receiving, his own copies of orders and other filings.[1] The motion presents no grounds for substitution pursuant to Fed. R. Civ. P. 25 and therefore will be denied.

With respect to the motion for clarification, the plaintiffs are confused by the filing fee discrepancy created by separate orders issued before this case was formally filed and assigned. They also challenge the deduction of payments from their prison accounts and seek an order "to stop taking the funds from each plaintiff's account." Motion for Clarification at 2. The Order of April 19, 2006, requesting additional information, erroneously states the filing fee to

---

[1] The electronic docket reflects service by mail of the Court's orders upon each party-plaintiff.

be $250.00. The filing fee increased to $350.00 effective April 9, 2006. Thus, the assessment orders issued on May 30, 2006, which also granted the plaintiffs' motions to proceed *in forma pauperis*, correctly state the filing fee to be $350.00.

Each plaintiff is indebted for the filing fee until the case is fully paid. *See In re: Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (the "prepayment of the filing fee is required in every case in which a prisoner proceeding *in forma pauperis* brings a 'civil action'"). If, as here, a prisoner is unable to pay the full fee at the time of filing, "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee. . . ." 28 U.S.C. § 1915(b)(1). Thereafter, "the prisoner [is] required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the prisoner shall forward [such] payments [to the court] from the prisoner's account. . . ." 28 U.S.C. § 1915(b)(2). The Court lacks authority to stop the deductions. Accordingly, it is

ORDERED that the plaintiffs' motion to substitute [Dkt. No. 16] is DENIED; and it is

FURTHER ORDERED that the plaintiffs' motion for clarification [Dkt. No. 17] is GRANTED. The plaintiffs are proceeding *in forma pauperis* in accordance with the provisions of 28 U.S.C. § 1915(b)(1). To the extent that the plaintiffs are seeking reconsideration of the assessment orders, their request is denied.

SO ORDERED.

Date: 8/22/06

Richard J. Leon
United States District Judge