UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER DICKERSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 06-699 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS

Defendant, the U.S. Parole Commission, respectfully moves for dismissal pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, and 12(b)(3), improper venue. Plaintiffs, six *pro se* prisoners, have not identified any colorable waiver of the government's sovereign immunity for their challenge to the Parole Commission's policy governing parole. Because they claim that the parole policy prevents their being released earlier than planned, their proper--and exclusive--remedy lies with *habeas corpus*.

Moreover, Plaintiffs are incarcerated in Indiana, and Defendant is located in Maryland. Accordingly venue is improper here and this is another basis for dismissal.

*Pro se* Plaintiffs are advised that if they fail to respond to this motion, the Court may grant this motion and dismiss their case because of the failure to respond. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A supporting memorandum is attached.

September 21, 2006                    Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


           /s/
_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W., Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER DICKERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 06-699 (RJL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, the U.S. Parole Commission, respectfully moves for dismissal pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, and 12(b)(3), improper venue. Plaintiffs, six *pro se* prisoners, challenge the Parole Commission decisions denying their particular requests for parole. Plaintiffs specifically allege that these improper denials of parole resulted from the Parole Commission's use of a new set of guidelines for making parole decisions. Plaintiffs, however, have not identified any colorable waiver of the government's sovereign immunity for their claims. Because these claims necessarily mean that they should be released earlier than planned, their proper--and exclusive--remedy lies with petitions for *habeas corpus* and not a civil action. Moreover, Plaintiffs are incarcerated in Indiana and Defendant is located in Maryland, and accordingly venue is improper here. Dismissal is appropriate, instead of transfer, because no transferee court would have jurisdiction to hear their claims as presented.

## Background

The specifics of each Plaintiff's parole status is not relevant to Defendant's arguments, except to the extent that all Plaintiffs seek earlier release. Plaintiff Dickerson presents the most

detailed description of his claims and it appears that his description of the parole system and its alleged defects is meant to apply to the other Plaintiffs' claims as well.

At first, Dickerson hedges by asserting that "Plaintiff does not seek immediate release or to shorten his prison sentence, but to have the USPC apply the parole eligibility requisites in existence when his crime [was] committed." Complaint at 3. Dickerson then goes on, however, to make much more specific allegations that the older, D.C. parole standards he seeks to revive and have applied to him would necessarily result in earlier parole and release. Specifically, the complaint alleges that the Parole Commission violated several constitutional rights by changing the methodology for making parole decisions, switching from a "rehabilitative purpose" and forward-looking factors such as "the availability of community resources upon release," to a "mathematical equation" with a "focus on plaintiff's criminal history and past behavior." Id. The complaint emphasizes that the new policy is all but sure to cause longer stays in prison because it "concentrates almost wholly on the circumstances of the crime and past conduct, factors that are now beyond Plaintiff's control," and thus "it is almost certain that plaintiff will be denied parole eligibility each time that he becomes eligible[.]" Id.

The complaint makes similar, if more brief, allegations for the other Plaintiffs. Plaintiff Day alleges that "His parole eligibility *was denied because of* the newly created guideline range established by the USPC." Complaint at 4 (emphasis added). "Plaintiff suffers as a result." Id.

Similarly, Plaintiff Glascoe alleges that the Parole Commission used the new guidelines and "accordingly parole was denied." Id. Glascoe further alleges that the new guidelines specifically resulted in a finding of 60 months instead of 28 to 24 months until his next rehearing. Id. at 5.

2

Plaintiff Bliss alleges he "would have been paroled in August or September of 2004 under the parole laws he was sentenced under," id. at 5-6, and that "the practice of ignoring goodtime has proven discriminatory and has served to prejudice Plaintiff with an unfair parole eligibility determination," id. at 6.

Plaintiff Wilson alleges that the new guidelines "substantially increase the punishment he is likely to suffer for his crime." Id. at 7.

Plaintiff Walker alleges that: "Essentially Plaintiff will always be judged on the nature of his crime no matter how many times he becomes eligible for parole, according to the [new] standards of the USPC." Id. at 8.

Finally, the complaint collectively alleges three constitutional bases for relief, the Due Process Clause, the Equal Protection Clause, and the *Ex Post Facto* Clause, and seeks declaratory and injunctive relief. Notably, this collective section of the complaint asserts: "The named Plaintiffs and others *will be forced to remain confined longer periods* due to the inappropriate use of federal parole guidelines [for] Plaintiffs' crimes and convictions." Id. at 9 (emphasis added).

## Standard of Review

Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction. See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 104 S. Ct. 352 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982)). Requests for dismissal per Rule 12(b)(1) require a similar standard of review as those for a 12(b)(6) motion for failure to state a claim, and the Court may resolve the motion based solely on the factual allegations in the complaint or it may instead determine jurisdiction by looking

3

beyond the allegations of the complaint, considering affidavits and other extrinsic information, and ultimately weighing the conflicting evidence.  <u>Herbert v. Nat'l Acad. of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).

<u>Argument</u>

I.     **Due to Sovereign Immunity, the Court Lacks Jurisdiction.**

A.     **Plaintiff's Claimed Bases for Jurisdiction Do Not Waive Sovereign Immunity.**

As a general matter, the government may not be sued absent a statutory waiver of its sovereign immunity and without such a waiver, the Court lacks subject matter jurisdiction.  <u>See Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  Plaintiffs here allege two bases for subject matter jurisdiction.  First, they explain that "[t]his cause of action is brought pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971)[.]"  Complaint at 2.  The Supreme Court in <u>Bivens</u> created a cause of action for constitutional violations by individual federal employees, acting in their individual capacities, and remediable by damages.   Although Plaintiffs here do allege violations of the Constitution, that is not sufficient to constitute a <u>Bivens</u> claim against the Parole Commission because Plaintiffs do not name individual federal employees nor do they seek damages.  Moreover, it is clear that federal agencies may not be subject to <u>Bivens</u> claims.  <u>See FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994).

Plaintiffs also cite 28 U.S.C. §1343(a)(3) as one of their two basis for jurisdiction, but that statute does not create a cause of action permitting plaintiffs to sue a federal agency.  By its terms, that statute provides that federal "district courts shall have original jurisdiction of any civil action <u>authorized by law</u>[.]"  28 U.S.C. § 1343(a) (emphasis added).   The phrase "authorized by

law" means that Plaintiffs must rely on another statute for the necessary waiver of sovereign

immunity.  See, e.g., Kaufman v. Gonzalez, No. 05-1631 (RWR), 2006 WL 1725579, *4 (D.D.C.

Jun. 20, 2006) (section 1343 does not waive sovereign immunity); Zhu v. United States, No. 04-

1216 (RMC), 2005 WL 1378914, at *1 (D.D.C. June 9, 2005) (same); Byrd v. Smith, 693 F.

Supp. 1199, 1201 (D.D.C. 1986) (same).  The need for an underlying waiver of sovereign

immunity is referenced again in the specific subsection Plaintiffs rely on:

> To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343(a)(3) (emphasis added).  Plaintiffs have identified no "State law" applicable to

Parole Commission that could support their civil action and no such statute is apparent.[1]

Therefore, Plaintiffs cannot establish subject matter jurisdiction.

**B.    The APA Does Not Apply to Parole Commission's Parole Decisions**.

Even if the Court were to interpret the complaint, *sua sponte*, as alleging a cause of action

under the Administrative Procedure Act ("APA"), the case would still need to be dismissed.

This follows from the exclusion from the APA that appears in the Parole Commission's statutory

authority, which provides that the Parole Commission may not be sued under the APA for

decisions regarding parole: "Actions of the Commission pursuant to paragraphs (1), (2), and (3)

of section 4203(b) shall be considered actions committed to agency discretion for purposes of

section 701(a)(2) of title 5, United States Code."  18 U.S.C. § 4218(d).  Section 4203(b), in turn,

---

[1] Although § 1343(b) defines "State" to include the District of Columbia, that does not help Plaintiffs because they have not identified any D.C. statute that would apply to the Parole Commission.

authorizes the Parole Commission to:

> (1) grant or deny an application or recommendation to parole any eligible prisoner;
> (2) impose reasonable conditions on an order granting parole;
> (3) modify or revoke an order paroling any eligible prisoner.

18 U.S.C. § 4203(b)(1) to (3). Therefore, the Parole Commission decisions regarding granting or denying the parole of Plaintiffs in this case are considered "committed to agency discretion by law" within the meaning of the APA and, therefore, not subject to judicial review under the APA.

Note that the Parole Commission's statutory authority does permit challenges to Parole Commission's rulemaking processes for the regulations it publishes pursuant to section 4203. See 18 U.S.C. § 4203(a)(1) ("The Commission shall meet at least quarterly, and by majority vote shall--(1) promulgate rules and regulations establishing guidelines for the powers enumerated in subsection (b) of this section and such other rules and regulations as are necessary to carry out a national parole policy and the purposes of this chapter."); 18 U.S.C. § 4218(c) ("To the extent that actions of the Commission pursuant to section 4203(a)(1) are not in accord with the provisions of section 553 of title 5, United States Code, they shall be reviewable in accordance with the provisions of sections 701 through 706 of title 5, United States Code."). The combined effect of subsections 4218(c) and (d) is that Congress intended to provide for APA review of only the Commission's rule-making, not of its exercise of its authority to make parole decisions for individual prisoners. Plaintiffs' complaint consistently focuses on the effects of the alleged constitutional defects on each of them and the Parole Commission's denials of their respective parole requests. Thus, this case is subject to dismissal, even if the Court were to interpret it as being brought pursuant to the APA.

Finally, although not presented by Plaintiffs, section 1983 of Title 42 would not provide a jurisdictional basis for suit either.  The D.C. Circuit recently re-affirmed that the U.S. Parole Commission is entitled to sovereign immunity in a suit for declaratory and injunctive relief pursuant to section 1983.  See Settles v. Parole Commission, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign."); id. at 1106-08 (specifically finding immunity from § 1983 claims).

### C.     Any Challenges to Decisions Affecting Release Date Must Proceed in *Habeas*.

In Fletcher v. District of Columbia, 370 F.3d 1223 ("Fletcher I"), vacated on other grounds, 391 F.3d 250 (D.C. Cir. 2004) ("Fletcher II"), this D.C. Circuit affirmed the long-standing principle that "*habeas* is the exclusive means by which a federal prisoner may challenge a parole eligibility decision, even though success on such a claim would lead neither to his immediate release nor to a definite reduction in his sentence."  370 F.3d at 1226 (citing, *inter alia*, Heck v. Humphrey, 512 U.S. 477 (1994)); accord Settles, 429 F.3d at 1104 (holding that Fletcher I remains good law except as specifically modified by Fletcher II).  See also Razzoli v. BOP, 230 F.3d 371, 374-76 (D.C. Cir. 2000); Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988).

Plaintiffs here expressly allege that "the named plaintiffs and others will be forced to remain confined longer periods due to the inappropriate use of federal parole guidelines to the violations of plaintiffs crimes and convictions."  Complaint at 9.  Accordingly, Plaintiffs have conceded that their complaint necessarily satisfies the lesser standard set by Fletcher II: "a significant risk . . . that [the policy's] retroactive application will result in a longer period of

incarceration that under the earlier rule." 391 F.3d at 251 (emphasis added). Therefore,

Plaintiffs' civil action must be dismissed. <u>Accord</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)

(permitting challenge to state parole policy where challenge would not necessarily result in

shorter confinement or invalidity of sentence, but reaffirming exclusivity of *habeas* remedy

where claims would do so).

     The <u>Settles</u> discussion of the two <u>Fletcher</u> decisions merits a brief discussion here as well,

especially since Plaintiffs here appear *pro se*. In <u>Fletcher I</u>, the Court found that the Parole

Commission could be subject to suit under section 1983, on the assumption that it is proper for

the Court to construe the complaint liberally as naming the individual members of the

Commission as defendants when the complaint named simply the Parole Commission as

defendant. <u>See</u> 370 F.3d at 1227 n. *. The breadth and justification of this reasoning in

<u>Fletcher I</u> was not clear, but the Court in <u>Settles</u> appears to view the liberal construction applied

in <u>Fletcher I</u> as limited to the facts of that case:

> [T]he rule of liberality extends, except as applied in <u>Fletcher I</u>, to *factual allegations as distinct from renaming the defendant in order to avoid an immunity defense*. <u>Cf.</u> 5B Wright & Miller, Federal Practice and Procedure: Civil § 1357, at 722. Otherwise, <u>Fletcher I</u> would establish a rule of party substitution, which would suggest that the Commission could never succeed in a motion to dismiss on the ground of sovereign immunity.
>     In any event, the procedural posture of this case indicates that there is no legal basis to construe Settle's second amended complaint to name the individual Commissioners as defendants.

<u>Settles</u>, 429 F.3d at 1107 (emphasis added). So too here, there is neither a procedural nor legal

basis to so radically reconstrue the complaint as to add new or different defendants. Moreover,

the implications of such a party substitution go well beyond what the decision in <u>Settles</u>

acknowledged. This follows because an action against individual Commissioners, in their

8

individual capacities, would preclude the injunctive and declaratory relief sought by Plaintiffs here, because individuals acting in their personal capacities would no authority to issue parole decisions or policies. (And, any such suit would enable the Commissioners to raise a host of additional defenses, such as lack of personal jurisdiction, insufficient service of process, and both absolute and qualified immunity.) At the same time, suing the individual Commissioners in their official capacity would be ineffectual because individual Commission members do not have authority to issue regulations or make individual parole decisions. See 18 U.S.C. § 4203(a) (Commission acts "by majority vote" to issue rules and regulations) and (b) (same for parole decisions). Although, as explained by the D.C. Circuit in Settles, Plaintiffs' *pro se* status here entitles them to a liberal construction of the factual allegations in their complaint, that does not enable them to evade the defense of sovereign immunity.

> ### D.    Transfer is Not Appropriate.

Prior to dismissing on the basis of lack of jurisdiction, the Court must consider whether to transfer the case, pursuant to 28 U.S.C. § 1631, which provides that where "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" The simplest way to address section 1631 is to analyze whether this action could be brought in any other federal judicial district. See Deloach v. Philip Morris Cos., 132 F. Supp. 2d 22, 24 (D.D.C. 2000) ("the threshold question [under § 1631] is whether this suit could have been brought in the proposed transferee district."). Because the defect in Plaintiffs' complaint goes to their failure to identify a colorable waiver of sovereign immunity, their jurisdictional defect cannot be cured by transfer to another district. Thus, there is no "interest in justice" in

9

transferring this case and it should be dismissed.  Accord Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997) (favoring dismissal over transfer of meritless cases brought in improper venue).

## II.     Improper Venue Also Supports Dismissal.

In the alternative, if the Court determined that it had subject matter jurisdiction, the Court would need to address the issue of venue.  In the apparent absence of any other pertinent statutory venue provision, this civil action would be governed by the general venue provision of Title 28, which provides three possible bases for venue:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, … or (3) the plaintiff resides.

28 U.S.C. § 1391(e).  As properly noted in the Plaintiffs' own complaint, the Parole Commission is located in Maryland, see Complaint at 2-3, and therefore the first basis cannot be met here. Accord Farmer v. Hawk, No. 94-CV-2274 (GK), 1996 WL 525321, at *2 (D.D.C. Sept. 5, 1996) ("Public officials, when sued in their official capacity, 'reside' in the District where they perform their official duties.").

As for the second basis for venue, the events or omissions giving rise to the claims here took place entirely outside the District of Columbia.  The parole decisions were made in Indiana and/or Maryland, and the Parole Commission issued the parole policies in Maryland.  Therefore, the second basis for venue cannot be met here.

Finally, none of the Plaintiffs reside in the District of Columbia.  Instead, all are

incarcerated in federal prisons, in Indiana at the time of the filing of their complaint.  See

Complaint at 1, ¶ 1 (under caption "A. Parties").  Thus, none of the three bases for venue can be

met in this case, and venue is improper in the District of Columbia.  This supports dismissal

pursuant to Rule 12(b)(3).  As noted above, transfer is not indicated pursuant to section 1631.

## Conclusion

For the foregoing reasons, Defendant respectfully submits that the case should be

dismissed for lack of subject matter jurisdiction and/or improper venue.

September 21, 2006                              Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

11

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Motion to Dismiss and supporting Memorandum to be served upon *pro se* Plaintiffs by first class mail addressed to:

CHRISTOPHER DICKERSON
R. #11833-007

DONALD DAY
R. # 08669-007

ERIC GLASCOE
R. # 90828-017

PETER BLISS
R. # 03279-000

JAMES WILSON
R. # 30646-037

LARRY WALKER
R. # 08609-007

all at:   U.S. Penitentiary
          P.O. Box 12015
          Terre Haute, IN 47801

on this 20th day of September, 2006.

                                        /s/
                                 _____
                                 ALAN BURCH, D.C. Bar # 470655
                                 Assistant United States Attorney
                                 555 4th St., N.W.
                                 Washington, D.C. 20530
                                 (202) 514-7204
                                 alan.burch@usdoj.gov