RECEIVED

OCT 0 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER DICKERSON, et al.,   )
      Plaintiff,   )
      )
v.   )   Civil Action No. 06-0699
      )   John Leon Baker
      )   Judge
UNITED STATES PAROLE COMM'N,   )
      Defendant.   )

MOTION FOR CERTIFICATION OF CLASS ACTION
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, plaintiffs, Christopher Dickerson, et al, pursuant to Rule 23 of Fed. R. Civil Proc. and request certification of the above-entitled action. The following is stated in support:

Purpose Of Certification

1) Federal Rule 23 governing class actions is construed to permit class suits where several persons jointly act to injury of many persons so numerous that their voluntarily, unanimously joining in suit is concededly improbable and impracticable. Also according to Rule 23, it is confined to suits of

civil nature in federal courts. The burden of establishing propriety of class actions remain with plaintiffs. Parker v. Time Warner Entertainment Co., L.P., 198 FRD 374.

2) Plaintiffs maintain that they meet the prerequisites of a class action because of the numerousity, commonality, typicality and predominance where the defendant's policy, pattern and practice is common to all plaintiffs. Chiang v. Veneman, 385 F.3d 256 (2004).

3) The class of this suit is so numerous that joinder of all members is impracticable, because of the range of geographical locations most D.C. prisoners are confined at.

4) There are questions of law or fact common to the entire class, because of plaintiff's contention that the use of federally created parole guideline ranges, though they may resemble the District of Columbia parole guidelines, are more onerous than the parole laws plaintiff was convicted and sentenced under, and substantially increases the punishment he suffers for his crime.

5) The claims made by each member of the class are typical of the claims of the entire class, those named and unnamed, because the criteron used by the defendants are discriminatory toward any prisoner from the District of Columbia.

6) A favorable decision would fairly protect the interests of the class, those named and unnamed, because it would enjoin the defendants from using their discriminatory practices in regards to applying parole laws.

7) This action may be maintained as a class action also if,

    a) to prosecute this action separately by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

8) Finally, Rule 23 is designed to aid in a more efficient administration of justice by trying many causes of action at once. Generally, 62 FRD 43; see also, 61 FRD 442 (class action especially efficacious in actions where there is common question of law and relief is sought with respect to class as a whole.).

When in doubt, court should err in favor of maintenance of class action; however, this doctrine should not be extended to limit sound discretion of trial courts in cases where discretion may be key to realistic administration of Federal Rules of Civil Procedure 23, particularly with respect to determination of the most fair and efficient procedure. 219 FRD 179; 2004 US Dist LEXIS 21645.

## CONCLUSION

WHEREFORE, for all the reasons stated herein, plaintiffs urge this court to certify it as a class.

Respectfully submitted,

s/ _____
Christopher Dickerson, et al.,
Reg. No. _____
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Dated: September 16, 2006

CERTIFICATE OF SERVICE

I, Christopher Dickerson, certify that a true and correct copy of the foregoing MOTION FOR CERTIFICATION OF CLASS ACTION was mailed, postage prepaid to the following address:

U.S. Attorney's Office

on this **21st** day of **September, 2006.**

s/ _____
Christopher Dickerson, et al.