UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER DICKERSON, *et al.*, ) | |
| ) | Civil Action No.: 06-699 (RJL) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO MOTION
FOR CERTIFICATION OF CLASS ACTION**

Defendant, the U.S. Parole Commission, respectfully opposes *pro se* Plaintiffs' motion for certification of class action, docket entry no. [26]. In this action, Plaintiffs, six *pro se* prisoners, challenge the Parole Commission decisions denying their particular requests for parole. Plaintiffs specifically allege that these improper denials of parole resulted from the Parole Commission's use of a new set of guidelines for making parole decisions. Plaintiffs' request for class certification is deficient in numerous, independently fatal respects.

  1.  Plaintiffs' motion is not timely. Local Civil Rule 23.1 governs class actions and it requires a motion for class certification to be filed within 90 days of the filing of a complaint. LCVR 23.1(b). Plaintiffs filed their complaint in this case on April 19, 2006, and so their deadline under the Local Rule was July 18, 2006. Plaintiffs' motion was dated September 16, 2006, served on September 21, 2006, and filed via ECF October 2, 2006. Using any of these dates, Plaintiffs' motion was two months late, and it includes no explanation for why they could not file earlier. Therefore, the motion should be denied. See Thomas v. Knight, 257 F. Supp. 86,

91-92 n.5 (D.D.C. 2003) (Walton, J.) (denying class certification for failure to comply with 90-day time limit in the Local Rule).

    2.    Plaintiffs' complaint fails to define the class, as required by both case law and the Local Rules.  See Lewis v. National Football League, 146 F.R.D. 5, 8 (D.D.C. 1992) (clearly defined class is necessary "to ensure that the class is 'neither amorphous, nor imprecise'") (internal citation omitted); LCVR 23.1(a)(2)(i) (requiring the complaint to contain, "under a separate heading styled 'Class Action Allegations, . . . appropriate allegations justifying such claims, including . . . definition of the alleged class").  Plaintiffs's complaint includes no allegations supporting a class certification, much less the "separate heading" required by the Local Rules.  Cf. Compl. at 9-10 (asking for class certification).  Nor does the instant motion make any attempt to define the class.  Thus, there is effectively no class to certify.  The absence of an appropriate or judicially manageable class definition and the total failure to comply with the Local Rule's class action pleading requirements are another basis for denying the motion.

    3.    It is a fundamental principle of class action litigation that class representatives cannot appear *pro se*.  See Wagner v. Taylor, 836 F.2d 578, 595-96 (D.C. Cir. 1987) (finding *pro se* plaintiff improper representative of class, even though periodically represented by counsel); Baker v. Cook, No. 82-400 (GK), 2003 WL 24868168, *2 (D.D.C. Sep. 8, 2003) ("The fact that Plaintiffs are nonlawyers, proceeding *pro se*, 'raises grave problems with respect to the requirement of Fed. R. Civ. P. 23(a)(4) that 'the representative parties will fairly and adequately protect the interests of the class.'") (citing Martin v. Mittendorf, 420 F. Supp. 779, 780 (D.D.C. 1976)); Wright, Miller & Kane, Federal Practice and Procedure: Civil, § 1769.1 (1986); accord Thomas v. Reno, 943 F. Supp. 41, 43 (D.D.C. 1996) (finding no one other than *pro se* plaintiff

bound by settlement purportedly reached on behalf of class). Since Plaintiffs are *pro se* in this case, they cannot prosecute the case as a class action and again the motion should be denied.

Furthermore, in the context of this case, it bears noting that only Plaintiff Dickerson signed the instant motion. This raises additional questions about representativeness even within the group of the six named Plaintiffs. (Earlier, this Court properly denied Plaintiffs' request to change their lead Plaintiff, noting that "neither plaintiff may serve as a representative for the other." Order at 2 (filed Aug. 23, 2006).)

4.  As to the substantive requirements for class certification, it is well established that the party seeking certification has the burden of showing that all of the requirements of Rule 23 have been met. See, e.g., McCarthy v. Kleindienst, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984); Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 55 (3d Cir. 1994); Reilly v. Gould, Inc., 965 F. Supp. 588, 595 (M.D. Pa. 1997). Although the Court has broad discretion to determine whether a particular action is worthy of certification, Franklin v. Barry, 909 F. Supp. 21, 30 (D.D.C. 1991), 5 Moore's Federal Practice, § 23.04 (Matthew Bender 3d ed.), the Court is required, before certifying a class, to engage in a "rigorous analysis" of the plaintiffs' ability to meet the requirements of Rule 23. General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). Here, Plaintiffs' three-and-a-half page motion contains only the most conclusory allegations, parroting the language of Rule 23, and there simply is not enough evidence or detail to support a class certification. This failure of evidence is itself grounds to deny the motion.

5.  As to the prerequisites themselves, it is somewhat difficult to apply the substantive standards in a meaningful way on this record, given the lack of evidence and Plaintiffs' failure even to define their proposed class. Without waiving its right to object to

findings with respect to the other prerequisites, Defendant notes that the differences between the six named Plaintiffs' factual claims regarding their parole outcomes undermine their claims to commonality and typicality. It is far from clear that the allegedly common factual issue of the change in parole guidelines predominate over the factual differences among Plaintiffs and other class members. Indeed, the differences here would seem to require a great deal of individual re-adjudication, even under Plaintiffs' theory, if Plaintiffs were to prevail. Thus, there is insufficient commonality to justify a class certification. See Andrews v. Wilkins, 934 F.2d 1267, 1272 (D.C. Cir. 1991); Wingfield v. Peoples Drug Store, 379 A.2d 685, 687 (D.C. 1977). As noted above, they cannot establish representativeness because they appear *pro se*. Failing commonality, typicality, and representativeness, Plaintiffs are not entitled to proceed on a class basis, and this is another basis to deny the instant motion.

6.    Finally, it does not appear that Plaintiffs have any chance of satisfying the additional requirements in Rule 23(b), based on the elements in (b)(1)(A) and (B) which they assert in their motion, see Mot. Class Cert. at 3. This follows because the only allegedly common issue--whether the Parole Commission may use its current parole guidelines--does nothing to create a risk of "inconsistent or varying adjudications" if Plaintiffs were to succeed in their substantive claims. If they did succeed, the precedential value of this Court's decision would suffice to ensure application of proper guidelines. Again, it is the differences in the individual Plaintiffs' circumstances that, in all likelihood, would lead to different parole outcomes, not a denial of class certification. For that reason, the differences in parole outcomes would in no way be inconsistent or conflicting.

Similarly, Plaintiffs cannot show adjudication of their claims in this case would be

"dispositive of the interests of the other members not parties to the adjudications" within the meaning of Rule 23(b)(1)(B). It does not appear that any prisoner's parole status could be determined dispositively by the simple mechanism of invaliding the Parole Commission's current guidelines. Thus, Rule 23(b) provides yet another independent basis to deny Plaintiffs' motion.

## Conclusion

For the foregoing reasons, Defendant respectfully submits that the motion for class certification should be denied.

October 17, 2006                                  Respectfully submitted,

————————————————
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  /s/
————————————————
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
————————————————
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendant's Opposition to Motion for Class Certification to be served upon *pro se* Plaintiffs by first class mail addressed to:

CHRISTOPHER DICKERSON
R. #11833-007

DONALD DAY
R. # 08669-007

ERIC GLASCOE
R. # 90828-017

PETER BLISS
R. # 03279-000

JAMES WILSON
R. # 30646-037

LARRY WALKER
R. # 08609-007

    all at:  U.S. Penitentiary
              P.O. Box 12015
              Terre Haute, IN 47801

on this 17th day of October, 2006.

                                                /s/
                                      ALAN BURCH, D.C. Bar # 470655
                                      Assistant United States Attorney
                                      555 4th St., N.W.
                                      Washington, D.C. 20530
                                      (202) 514-7204
                                      alan.burch@usdoj.gov